Peter A. Greenburg, Esquire
Greenburg, Spence & Taylor
51 Monroe Place
Suite 707
Rockville, Maryland 20850
Telephone: 301-610-0010
Facsimile: 301-610-0021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| *In re:* | |
| CIRCUIT CITY STORES, INC., et al | Case No. 08 – 35653 KRH |
| *Debtor* | |
| | |
| ALFRED H. SIEGEL, LIQUIDATING TRUSTEE | |
| *Plaintiff* | Adversary Proceeding No. |
| *V.* | 10-03330-KRH |
| PREMIER RESOURCES INTERNATIONAL, LLC | |
| *Defendant* | |

ANSWER

Comes now Premier Resources International, LLC ("PRI") and for its answer in the above captioned adversary proceeding represents to this Honorable Court the following:

**First Defense**

Answering the allegations of the complaint by paragraph, PRI states:

1. PRI admits the allegations in paragraphs 1 through 23, 26 through 30, 34, and 38 of the complaint.

2. All the transfers identified on Exhibit A to the complaint constitute payments made in the ordinary course of business for services rendered in the ordinary course of business and resulted in new value to the debtor. PRI has furnished to the plaintiff, a complete narrative of the ordinary course of business between PRI and the debtor during the 90-day preference period, including an explanation of how that ordinary course of business was conducted from and after PRI and the debtor entered into to a contract with respect thereto on or about May 1, 2008, through and after the debtors bankruptcy and until the debtor ceased operations. The plaintiff has, nevertheless, persisted in this action in bad faith, and, to the extent that the allegations of paragraph 24 allege that the plaintiff has acted in good faith with respect to this action, such allegations are denied.

3. Paragraphs 25, 33 and 37, are allegations of incorporation by reference to which no responses required. To the extent any response thereto is appropriate, each and every allegations of such paragraphs is denied.

4. PRI denies each and every allegation of paragraphs 31, 32, 35, 36, 39, and 40 of the complaint and all other allegations of the complaint not herein specifically addressed.

2

**Second Defense**

5.      All sums received by PRI from the debtor during or with respect to the 90-day preference period were in payment of debts incurred by the debtor in the ordinary course of the business and financial affairs of the debtor and PRI; were made in the ordinary course of the business and financial affairs of the debtor and PRI; and were made according to ordinary business terms.

**Third Defense**

6.      All payments made during or with respect to the 90-day preference period were, and were intended by the debtor and PRI to be, a contemporaneous exchange for new value given to the debtor.

WHEREFORE, PRI requests for the that the complaint in this adversary proceeding be dismissed or that PRI be awarded judgment thereon; that PRI recover its costs; and, that PRI be awarded its counsel fees and expenses with respect to this adversary proceeding.

          *Peter A. Greenburg*
Peter A. Greenburg
Greenburg Spence & Taylor, LLC
51 Monroe Place
Suite 707
Rockville, Maryland 20850
301-610-0020

Attorneys for Defendant

N:\WordPerfect\WPFILES.PAG\7350\Circuit City\Adversary Claim\Answer.wpd